**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:    (805) 270-7100
Facsimile:    (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
        kgrombacher@bradleygrombacher.com
        lking@bradleygrombacher.com

Attorneys for Plaintiff, DEJONE CYIARK, individually
and on behalf of other individuals similarly situated

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJONE CYIARK, individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br>v.<br><br>INGLEWOOD SPORTSERVICE, INC.<br><br>Defendant. | **CASE NO. 2:22-cv-3906**<br>**CLASS ACTION COMPLAINT FOR:**<br>1. **Failure to Pay all Wages in Violation of California *Labor Code* §§ 204, 1194, 1194.2, 1197, 1197.1;**<br>2. **Missed/Late Meal Breaks in Violation of California Labor Code §§ 200, 226.7, 512;**<br>3. **Missed/Late Rest Breaks in Violation of California Labor Code §§ 200, 226.7, 512;**<br>4. **Failure to Furnish an Accurate, Itemized Wage Statement upon Payment of Wages in Violation of California *Labor Code* § 226;**<br>5. **Failure to Reimburse Expenses in violation of California Labor Code § 2802;**<br>6. **Failure to Pay All Wages Owed at Termination in Violation of California *Labor Code* §203; and**<br>7. **Violations of California *Business & Professions Code* §§ 17200, *et seq.***<br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff DEJONE CYIARK, (hereinafter collectively referred to as "Plaintiff"), hereby submits her Class Action Complaint ("Complaint") against Defendant INGLEWOOD SPORTSERVICE, INC., a Delaware corporation (hereinafter collectively referred to as "Defendant") on behalf of herself and the class of all other similarly situated current and former employees of Defendant. Plaintiff brings this action upon information and belief, except as to their own actions, the investigation of Plaintiff's counsel, and the facts that are a matter of public record, as follows:

## **INTRODUCTORY FACTUAL ALLEGATIONS**

1.     This is a class action challenging systemic illegal employment practices resulting in violations of the California *Labor Code* and the California *Business and Professions Code* against employees of Defendant.

2.     Defendant INGLEWOOD SPORTSERVICE INC., is a venue incorporated under the Delaware North company brand. Delaware North is a restaurant and hospitality company that specializes in "food and beverage concessions, premium dining, entertainment, lodging, and retail at many large venues and special places. These include sports stadiums, entertainment complexes, national and state parks, airports, and casinos"[1]. Defendant is a division the Delaware North Company. "Delaware North Sportservice is a global leader in sports hospitality, serving fans since 1915. [It] provides expertise in concessions, premium dining, event catering and retail in more than 50 stadiums, ballparks and arenas in the United States, United Kingdom, Australia and Asia. That includes Lambeau Field, Busch Stadium and MetLife Stadium in the United States"[2].

3.     Plaintiff seeks relief on behalf of herself and the members of the Plaintiff Class as a result of employment policies, practices and procedures of Defendant more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations,

---

[1] https://www.delawarenorth.com/about (Last accessed September 14, 2021).

[2] https://www.delawarenorth.com/divisions (Last accessed September 14, 2021).

Industrial Welfare Commission, and Division of Labor Standards.  Said employment policies, practices and procedures are generally described as follows:

    a.  Failure to pay Plaintiff and the members of the Plaintiff Class wages for all hours worked pursuant to California *Labor Code* §1194;

    b.  Failing to pay all wages owed due to Defendant's rounding of hours;

    c.  Failing to provide Plaintiff and the members of the Plaintiff Class with timely meal breaks (California Labor Code §§226, 226.7, 512, 1198 and IWC Wage Order section 12);

    d.  Failing to provide Plaintiff and the members of the Plaintiff Class with timely rest breaks (California Labor Code §§226, 226.7, 512, 1198 and IWC Wage Order section 12);

    e.  Failing to provide Plaintiff and the members of the Plaintiff Class with proper wage statements (California Labor Code § 226(a);

    f.  Failure to indemnify Plaintiff and members of the Plaintiff Class for all necessary expenditures and losses incurred in obedience to the direction of the Defendant in violation of California *Labor Code* § 2802;

    g.  Failure to pay Plaintiff and the members of the Plaintiff Class with all wages due within 72 hours of termination or resignation (California Labor Code § 203).

4.    Plaintiff is informed and believes, and based thereon alleges, that among other things Defendant has engaged in a system of willful violations of the California *Labor Code* and California *Business and Professions Code*, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.    The policies, practices and customs of Defendant described above and below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, and California *Business and Professions Code*.

3

CLASS ACTION COMPLAINT

6.      This matter is brought as a class action pursuant to California *Code of Civil Procedure* §382, on behalf of Plaintiff and the Plaintiff Class, which is defined more specifically below, but which is comprised, generally, of all former and current employees of Defendant INGLEWOOD SPORTSERVICE, a Delaware corporation, who hold or held the job positions which Defendant classified as "non-exempt" at any of Defendant's facilities in California.

7.      This Complaint alleges systematic violations of the California *Labor Code* (hereinafter, "*Labor Code*,") and the California *Business & Professions Code* and is brought by Plaintiff on her own behalf and on behalf of the members of the Plaintiff Class.

8.      The California Plaintiff "Class Period" is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter.  Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

9.      The actions of Defendant is in violation of the California *Labor Code* as well as the wage orders of the Industrial Wage Commission of the State of California and, as a result, are unlawful and unfair acts, thus constituting a violation of California *Business & Professions Code* § 17200, et seq. (Unfair Practices Act).

10.      The policies, practices and customs of Defendant described above and herein have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the requirements of the California *Labor Code* and of the *Business & Professions Code*.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which confers original jurisdiction to the district courts "of any civil action in which the matter in controversy exceeds the or value of $5,000,0000, exclusive of interests and costs, and is a class action in which-any member of the class of Plaintiff is a citizen of a State different than the

CLASS ACTION COMPLAINT

defendant.".  Plaintiff is informed and believes that there are more than one hundred class members, they reside in different State from the Defendant, and the amount in controversy exceeds five million dollars.

12.     Furthermore, this Court has general federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 since Plaintiff has brought claims pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq.   This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendant operate at businesses in this district, are registered to do business in this district, employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Accordingly, Defendant is subject to general personal jurisdiction here.

## THE PARTIES

14.     Plaintiff DEJONE CYIARK ("Plaintiff") is a resident of Los Angeles County, in the State of California.  Plaintiff is a current employer of Delaware North Company working as a "bartender" at the Los Angeles Forum located in Inglewood, California.   The Los Angeles Forum has a capacity of approximately 18,000 people[3].

15.     Defendant INGLEWOOD SPORTSERVICE INC. is a Delaware Corporation that conducts business in California and is a subsidiary of DELAWARE NORTH COMPANIES, INC. Delaware North has operated concessions and premium dining at The Forum since 2019.

16.     Defendant INGLEWOODSPORTSERVICE is a Delaware corporation that conducts business in California, and is a subsidiary of Delaware North Companies, Inc., a Delaware corporation.

17.     At all times herein mentioned, the acts and omissions of Defendant proximately causes the injuries and damages as herein alleged.  At all times herein

---

[3]https://en.wikipedia.org/wiki/The_Forum_(Inglewood,_California)#:~:text=The%20round%2C%20%2416%20million%20building,2%2C400%20club%20seats%20for%20events. (Last accessed September 14, 2021)

CLASS ACTION COMPLAINT

mentioned, agents of Defendant ratified each and every act or omission complained of herein.

18.    The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California.

## FACTUAL ALLEGATIONS

19.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

20.    Plaintiff and all other members of the Plaintiff Class were and are classified by Defendant as non-exempt employees, pursuant to the provisions of the California *Labor Code,* and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. As non-exempt employees, Plaintiff and all other members of the Plaintiff Class are entitled to certain benefits.  In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

21.    Defendant has engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

22.    Defendant's utilization of such unfair business practices deprives Plaintiff and Plaintiff Class members of the general minimum working standards and entitlements due to them under California law and the Industrial Welfare Commission wage orders as described herein.

23.    As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state

law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

**Defendant's Failure to Pay All Wages**

24.    Defendant did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendant; and/or the time that the employees were suffered or permitted to work.

**Unpaid Training**

25.    Specifically, Defendant has not paid aggrieved employees for training required online required to work at their facilities, including Covid-19 Training and safety training.

26.    Plaintiff and the Plaintiff Class were required to do in home computer training but were not compensated for any of this time, approximately six hours.

**Rounding**

27.    In addition, Defendant rounds Plaintiff and the Plaintiff Class time to employee's detriment. Defendant uses a timekeeping software to record its employee work hours. Employees are required to punch" into the system at the beginning and end of their shifts, as well as for meal breaks. A time punch shows the actual time (to the minute) when the employee punched into the system. During the relevant times, Defendant calculated an employee's pay based on his or her punch times subject to a rounding policy where in and out punches are rounded up or down to the nearest tenth of an hour.  E.g., if an employee punches in at 2:57, it would round up to 3:00 and if an employee punched out at 7:03, it would round down to 7:00.

28.    Defendant's routine policy of rounding all hours deprived employees of the compensation they should have received for all actual hours worked.

29.    Plaintiff alleges that she had uneven and non-rounded punches, but end results are the time being rounded by Defendant. As a result, Defendant have failed and refused to compensate Plaintiff and the Plaintiff class all wages due to them for actual hours worked, and are in violation of California Labor Code § 1194. Defendant owes

each of their hourly employees for the unpaid time each day.

***Security Checks***

30.     Pursuant to a uniform policy originated by Defendant, all hourly employees are subject to bag searches.  Hourly employees were and are required to wait in line with the rest of the general public and be searched for potential or possible contraband.  Thus, at the discretion and control of the Defendant, Plaintiff and members of the Plaintiff Class were and are required to wait in line for security checks for each day at the start of their shift.  This daily uncompensated waiting time during security checks was done in order to undergo searches for possible contraband.  Because such screening is designed to prevent and deter employee contraband, a concern that stems from the nature of the employee's work, the security checks and consequential wait time are necessary to the employee's primary work without compensation.

31.     Plaintiff alleges that there were no separate security check locations for employees, and all employees had to use the security checkpoints that are open to the public entering the forum.  This created lengthy lines, and at times Plaintiff and other non-exempt employees would show up over an hour prior to the start time in order to ensure they made it through security in a timely manner before the start of their shift.

32.     Plaintiff also alleges that even if employees arrived over an hour prior to the start of a shift to ensure they made it through security but the timekeeping system would not register any punches prior to ten (10) minutes prior to the start of a shift.  Thus, the time waiting in the security line was uncompensated by the Defendant.

***Time Spent "Off the Clock"***

33.     Plaintiff alleges that even if employees arrived over an hour prior to the start of a shift to ensure they made it through security, the timekeeping system would not register any punches prior to ten (10) minutes prior to the start of a shift. Thus, the time waiting in the security line was uncompensated by Defendant, despite being within their employer's control.

34.    Furthermore, once inside the facility, Plaintiff and the Plaintiff Class cannot clock in until they reach the other parts of the building that they are working in.  As a result, Plaintiff alleges approximately 15 minutes from entering the facility to reaching the clock station that are uncompensated.

***Unpaid Meal Premium Wages***

35.    Plaintiff and members of the class are required to clock out for a meal initially and then immediately clock back in.  Plaintiff alleges that meal breaks were short as a result of the performing work off the clock thereby depriving Plaintiff and members of the Plaintiff Class of the full meal break as required. Plaintiff also alleges that meal breaks were only provided at the beginning of the shift, and then employees were required to work seven to ten hours straight.

36.    California law requires employers to provide daily meal and rest breaks to non-exempt employees. If an employer unlawfully makes an employee work during all or part of a meal or rest period, the employer must pay the employee an additional hour of pay. (Lab. Code, § 226.7, subd. (c); Industrial Welf. Com. wage order No. 4-2001, §§ 11(B), 12(B).)

***Defendant's Failure to Provide Accurate Wage Statements***

37.    Defendant failed to comply with California *Labor Code* §226(a) because the earnings statements provided by Defendant to Plaintiff and members of the Plaintiff Class do not accurately depict the total number of hours worked, nor do the statements specify the correct gross wages earned by Plaintiff and other members of the Plaintiff Class.  Thus, Defendant violated California *Labor Code* §226(a).

38.    Defendant failed to accurately record the wages due to Plaintiff and members of the Plaintiff Class, specifically including, but not limited to, by failing to record all hours worked and by failing to record wages due for time worked "off-the-clock."

/ / /

/ / /

***Defendant's Failure to Provide Compliant Meal Breaks***

39.    As detailed above, Plaintiff alleges that meal breaks were short as a result of the performing work off the clock thereby depriving Plaintiff and members of the Plaintiff Class of the full meal break as required. Plaintiff also alleges that meal breaks were only provided at the beginning of the shift, and then employees were required to work seven to ten hours straight.

40.    Plaintiff alleges that throughout the Relevant Time Period, Defendant regularly:

a.    Failed to provide Plaintiff and the members of the Plaintiff Class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

b.    Failed to provide Plaintiff and the members of the Plaintiff Class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

c.    Failed to pay Plaintiff and the members of the Plaintiff Class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided;

d.    Failed to accurately record all meal periods;

e.    Failed to pay all wages owed to Plaintiff and the class at termination or resignation of employment.

***Defendant's Failure to Provide Compliant Rest Breaks***

41.    At all times, relevant hereto, California *Labor Code* § 226.7 and IWC Wage Order, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

42.    At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest

period is not provided.

43. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiff is further informed and believes and based thereon alleges that throughout the relevant time period Defendant failed to provide rest periods.

44. Plaintiff alleges that rest breaks were typically not given and were not scheduled. If employees wanted to use the restroom, they would have to find another employee to cover their station.

45. Plaintiff alleges that herself, along with other members of the Plaintiff Class would remain at their worksites because if they went to the break rooms, the majority of their rest break would be spent walking.

46. Throughout the Relevant Time Period, Plaintiff and the members of the Plaintiff Class were routinely denied the rest breaks they were entitled to under California law.

47. Specifically, throughout the Relevant Time Period, Defendant regularly:

    f. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

    g. Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

**Defendant's Failure to Reimburse Expenses**

48. Pursuant to Defendant's corporate policy, practice and procedure, Plaintiff and members of the Plaintiff Class were required to incur expenses as a direct consequence of obeying the directions of Defendant. This specifically includes, but is not limited to, the mandatory uniform cleaning fee deducted from paychecks despite

Plaintiff and other employees laundering their own uniforms. This resulted in a kickback to Defendant because Plaintiff and other Plaintiff Class Members put their own money toward the Defendant's benefit and thus, resulted in wages below the minimum wage.

49.    Defendant failed and refused, pursuant to corporate policy, practice and procedure, to reimburse Plaintiff and members of the Plaintiff Class for such expenditures as required by California *Labor Code* §2802.

***Defendant's Failure to Pay All Wages Due at Termination of Employment***

50.    At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

51.    Defendant willfully and knowingly failed to pay Plaintiff and other members of the Plaintiff Class, upon termination of employment, all accrued compensation.

52.    Specifically, Plaintiff and members of the Plaintiff Class were entitled to all pay for time spent "off the clock" and meal premium penalty pay.

***Facts Regarding Willfulness***

53.    Plaintiff is informed and believes, and based thereon allege, that Defendant is advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

54.    Plaintiff is informed and believe, and based thereon allege, that at all relevant times, Defendant has consistent policy or practice of failing to compensate the

Plaintiff Class members, including Plaintiff.

55.    Plaintiff is informed and believe and based thereon allege that at all relevant times, Defendant knew or should have known, that the Plaintiff Class members, including Plaintiff, were and are entitled to accurate wages, be compensated for time spent at lengthy security checks, time spent "off the clock," and for time spent under the control of the Defendant.

***Unfair Business Practices***

56.    Defendant has engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

57.    Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

58.    Defendant's utilization of such unfair business practices deprives Plaintiff and Plaintiff Class Members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

59.    As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

## CLASS ACTION ALLEGATIONS

60.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

61.    Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* §382.   The classes which Plaintiff seeks to represent are composed of, and defined as follows:

**Plaintiff Class**

All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant have classified as "non-exempt" employees in the State of California. (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter). The term "non-exempt employee" refers to those who Defendant have classified as non-exempt from the overtime wage provisions of the California *Labor Code.*

**Terminated Sub Class**

All members of the Plaintiff Class whose employment ended during the Class Period.

(collectively "Plaintiff Class" or "Class Members")

62.     The Plaintiff Class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of the Plaintiff Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes potentially hundreds of members.

63.     Common questions of law and fact exist as to all Class Members, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

a.     Whether Plaintiff and members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b.     Whether Defendant's policies resulted in a failure to pay all wages;

c.     Whether Defendant maintained accurate records of the hours worked by members of the Class in violation of California *Labor Code* §1174;

d.  Whether Defendant had a standard policy of not providing meal and rest breaks to Plaintiff and members of the Plaintiff Class;

e.  Whether Defendant unlawfully and/or willfully deprived Plaintiff and Class Members of meal and rest breaks and failed to pay for missed breaks pursuant to California *Labor Code*;

f.  Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California *Labor Code* §226;

g.  Whether Defendant had a standard policy of reimbursing employees for business expenses to Plaintiff and members of the Plaintiff Class in violation of California *Labor Code* § 2802;

h.  Whether Defendant unlawfully and/or willfully deprived Plaintiff and Class Members of meal and rest breaks and failed to pay for missed breaks pursuant to California *Labor Code*;

i.  Whether Defendant unlawfully/or willingly failed to timely pay Plaintiff and the Terminated Sub Class upon termination;

j.  Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

k.  Whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

64.   The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class.  Plaintiff and Class Members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other

CLASS ACTION COMPLAINT

members of the proposed class.

65.     Plaintiff is an adequate representative of the proposed classes because she is a member of the class, and her interests do not conflict with the interests of the members she seeks to represent.  Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes.  The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

66.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits.  Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

67.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

        a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant; and

        b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class

1    members to protect their interests.

2    68.    Plaintiff hereby incorporates each and every allegation contained above and

3    realleges said allegations as if fully set forth herein.

4    **<u>FIRST CAUSE OF ACTION</u>**

5    **<u>FAILURE TO PAY ALL WAGES</u>**

6    **(By Plaintiff and the Members of the Plaintiff Class Against All Defendant)**

7    69.    Plaintiff incorporates herein by reference the allegations set forth above.

8    70.    At all times relevant herein, which comprise the time period not less than

9    four (4) years preceding the filing of this action, Defendant was required to compensate

10    their hourly employees for all hours worked upon reporting for work at the appointed

11    time stated by the employer, pursuant to the Industrial Welfare Commission Orders and

12    California *Labor Code* §§ 200, 226, 1197, and 1198.

13    71.    For at least the four (4) years preceding the filing of this action, Defendant

14    failed to compensate employees for all hours worked.  Defendant implemented policies

15    that actively prevented employees from being compensated for all time worked by

16    rounding hours worked to the nearest tenth of an hour.

17    72.    Plaintiff alleges that she and other employees are uncompensated for

18    mandatory training conducted at home via online computer classes.

19    73.    Plaintiff also contends that Plaintiff and other non-exempt employee time

20    punches are uneven, resulting in unlawful rounding by Defendant.  As a result, Defendant

21    have failed and refused to compensate Plaintiff and members of the Plaintiff Class all

22    wages due to them for actual hours worked, and are in violation of California *Labor Code*

23    § 1194.  Defendant owes each of their hourly employees for the unpaid time each day

24    74.    Although at times hourly employees would arrive an hour prior to the start

25    of their shifts, the timekeeping system, which would only register a punch ten (10)

26    minutes prior to the start of a shift.  Thus, the time waiting in the security line was

27    uncompensated by the Defendant.

28

CLASS ACTION COMPLAINT

75.     Additionally, Plaintiff and Class Members are and were subject to lengthy security checks. At times, Plaintiff and Class Members would arrive one hour prior to the start of a shift to ensure they made it through security before their shift began.  This was due in part to there being no separate security entrance for employees, and employees had to enter the same checkpoint as the general public.

76.     Once inside stadiums, Plaintiff and the Plaintiff Class are unable to "clock in" remotely and must often go through various check in procedures before reaching a physical clock in located in specific areas of the large venues.  This travel time inside the venue is often over ten minutes and can sometimes take as long as thirty minutes depending on the amount of people in the building.

77.     Under the above-mentioned wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorneys' fees and costs of suit in accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor Code* §203 and 206.

78.     Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Plaintiff Class for all wages earned and all hours worked, in violation of state law.  As a direct result, Plaintiff and the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligation under state law, in accordance with Plaintiff's and the Plaintiff Class's respective damage amounts according to proof at time of trial.

79.     Defendant committed such actions knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff and the Plaintiff Class's rights.

80.     Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the

1    time of trial.

2        81.    As a proximate result of the above-mentioned violations Plaintiff and the

3    Plaintiff Class have been damaged in an amount according to proof at time of trial.

4                    **SECOND CAUSE OF ACTION**

5        **MISSED MEAL AND REST BREAKS IN VIOLATION OF**

6            **CAL. LABOR CODE §§200, 226.7, 512**

7        **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

8        82.    Plaintiff incorporates herein by reference the allegations set forth above.

9        83.    For at least the four (4) years preceding the filing of this action, Defendant

10    failed to provide meal breaks as required by law.

11        84.    California *Labor Code* § 226.7(a) provides that: "No employer shall require

12    any employee to work during any meal or rest period mandated by an applicable order of

13    the Industrial Welfare Commission."

14        85.    California *Labor Code* § 512 provides that: "An employer may not employ

15    an employee for a work period of more than five hours per day without providing the

16    employee with a meal period of not less than 30 minutes, except that if the total work

17    period per day of the employee is no more than six hours, the meal period may be waived

18    by mutual consent of both the employer and employee."

19        86.    The applicable Wage Order Section 11(D) states "If an employer fails to

20    provide an employee a meal period in the applicable provisions of this order, the

21    employer shall pay the employee one (1) hour of pay at the employee's regular rate of

22    compensation each day that the meal period is not provided."

23        87.    Throughout the Class Period, Plaintiff and the members of the Plaintiff

24    Class consistently worked over five (5) hours per work period, and therefore, were

25    entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5)

26    hours of employment.

27        88.    Defendant failed to pay Plaintiff and the Class members the full statutory

28    penalty for all missed meal periods.

89.    At all times relevant to this Complaint, each Defendant failed, and have continued to fail, to timely provide Plaintiff and the members of the Plaintiff Class with meal periods.

90.    Thus, throughout the Class Period, Defendant regularly:

    a.    Failed to provide timely, 30-minute uninterrupted meal periods during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each five (5) hours of work;

    b.    Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not permitted.

    c.    Failed to provide Plaintiff and the members of the Plaintiff Class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day

91.    Specifically, Plaintiff and Plaintiff Class members' meal breaks were routinely cut short, as Plaintiff and Plaintiff Class members had to walk had to clock out almost immediately for their meal break but were also expected to perform some work duties such as ensure they had their station and were prepared for their shift. These lunch breaks typically happened within a half an hour of clocking in and Plaintiff and the Plaintiff Class were unable to grab food from their lockers as it would take too much time and were often forced to stand outside with other employees with no table or option to eat a proper meal.  Plaintiff and Plaintiff Class were also denied second meal periods.

92.    As a direct and proximate result of the acts and/or omissions of Defendant, Plaintiff and the members of the Plaintiff Class have been deprived of meal period wages due in amounts to be determined at trial.

93.    Defendant's conduct described herein violates the Industrial Welfare Commission Order and California *Labor Code* §§ 226, 226.7, 512, and 1198.

/ / /

## THIRD CAUSE OF ACTION

## MISSED REST BREAKS IN VIOLATION OF

## CAL. LABOR CODE §§200, 226.7, 512

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

94.     Plaintiff incorporates herein by reference the allegations set forth above

95.     For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal breaks as required by law.

96.     The applicable Wage Order Section 12(A) states "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

97.     The applicable Wage Order Section 12(B) states "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

98.     Plaintiff and the Class Members are entitled to recover additional compensation for all rest periods that were missed, but not paid for, during the four (4) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to California *Labor Code* § 218.5 and penalties pursuant to California *Labor Code* § 226.7.

99.     Defendant failed to provide Plaintiff and Class Members the full ten (10) minutes of rest time prescribed by law. To reach the break area, Plaintiff and Class Members must walk a long distance even to a restroom and were typically never relieved for a break.   Plaintiff and the class would have to actively seek out someone to relieve them at their work station just to use the restroom and rest breaks were frowned upon by Defendant's management.

100.    An example of this is Plaintiff once left her station to go to the restroom and left her jacket behind at the bar she was assigned to with another employee.  When she returned from the restroom her jacket had been confiscated by a supervisor.    When Plaintiff went to retrieve it, she was told not to leave her work station unattended and sent home for the evening.

101.    As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial and have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest on such monies, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law.  Plaintiff and the Class Members are thus entitled to recover nominal, actual, compensatory and exemplary damages in amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION

## FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT IN VIOLATION OF CAL. *LABOR CODE* § 226

**(By Plaintiff and the Members of the Plaintiff Class Against All Defendant)**

102.    Plaintiff hereby re-alleges, and incorporate by reference as though set fully forth herein, the allegations contained above.

103.    California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee.... (5) net wages earned … (8) name and address of the employer; (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."  (Emphasis added.)  Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty

dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

104.    Defendant failed to comply with California *Labor Code* §226(a) because Defendant failed to accurately represent the gross wages earned and total hours worked by Plaintiff and Class Members.  This is because Defendant had a routine policy of failing to accurately calculate the hours worked by Plaintiff and Class Members.  The wage statements also fail to properly identify the employer.

105.    Plaintiff and Class members were damaged by these failures because, among other things, the failures hindered Plaintiff and Class Members from determining the amounts of wages actually owed to them.

106.    Plaintiff and Class Members request recovery of California *Labor Code* §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* § 226(e), in a sum as provided by the *Labor Code* and/or other statutes.

## FIFTH CAUSE OF ACTION
## FAILURE TO REIMBURSE EXPENSES
## IN VIOLATION OF CAL. *LABOR CODE* §2802

**(By Plaintiff and the Members of the Plaintiff Class, Against All Defendant)**

107.    Pursuant to Defendant's corporate policy, practice and procedure, Plaintiff and members of the Plaintiff Class were required to incur expenses in direct consequence of obeying the directions of Defendant.  This specifically includes, but is not limited to, requiring hourly employees to pay a uniform cleaning fee deducted automatically from their paycheck despite employees not using this service.  This expense was used for the benefit of the Defendant which placed hourly employees below the minimum wage.

108.    Defendant failed and refused, pursuant to corporate policy, practice and

procedure, to reimburse Plaintiff and members of the Plaintiff Class for such expenditures, as required by *Labor Code* §2802.

109.    Specifically, Plaintiff and the Plaintiff Class are charged for a uniform cleaning fee on their paystubs Plaintiff knowledge most employees are not afforded or offered this service.  Additionally, Plaintiff and the Plaintiff class are expected to do online training for their jobs but are not reimbursed for times or expenses of such training.

110.    Said conduct on the part of the Defendant was willful, intentional, and/or taken in conscious disregard of the rights of Plaintiff and members of the Plaintiff Class, and Plaintiff seeks compensatory damages, as well as interest, costs, attorneys' fees, and penalties as permitted by the *Labor Code.*

<u>**SIXTH CAUSE OF ACTION**</u>

<u>**FAILURE TO PAY WAGES AT TIME OF**</u>

<u>**TERMINATION IN VIOLATION OF CAL. LABOR CODE §§ 201-203**</u>

**(By Plaintiff and Members of the Terminated Sub Class Against Defendant)**

111.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

112.    At all times, relevant herein, Defendant was required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

113.    As a pattern and practice, Defendant regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

114.    Specifically, Plaintiff and members of the Plaintiff Class were entitled to compensation for time spent "off the clock" including meal premiums.

115.    The conduct of Defendant and its agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual

1   members of the Terminated Sub Class.

2   116.   Plaintiff is informed and believes, and based thereon alleges, that

3   Defendant's willful failure to pay wages due and owing them upon separation from

4   employment results in a continued payment of wages up to thirty (30) days from the time

5   the wages were due.  Therefore, Plaintiff and Class Members who have separated from

6   employment are entitled to compensation pursuant to California *Labor Code* § 203.

7   ### SEVENTH CAUSE OF ACTION

8   ### VIOLATIONS OF CALIFORNIA

9   ### *BUSINESS AND PROFESSIONS CODE* § 17200, etc.

10  **(By Plaintiff and the Members of the Plaintiff Class, Against All Defendant)**

11  117.   Plaintiff re-alleges and incorporates all preceding paragraphs as though

12  fully set forth herein.

13  118.   Section 17200 of the California *Business and Professions Code* prohibits

14  any unlawful, unfair or fraudulent business act or practice.

15  119.   Plaintiff brings this cause of action in a representative capacity on behalf of

16  the general public and the persons affected by the unlawful and unfair conduct described

17  herein.  Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer,

18  injury in fact and monetary damages because of Defendant's actions.

19  120.   The actions by Defendant as herein alleged amount to conduct which is

20  unlawful and a violation of law.  As such, said conduct amounts to unfair business

21  practices in violation of California *Business and Professions* Code § 17200, *et seq.*

22  121.   Defendant's conduct as herein alleged has damaged Plaintiff and the

23  members of the Plaintiff Class by denying them wages due and payable, by failing to

24  provide proper rest breaks, and failing to remit to non-managerial employees the

25  proceeds of gratuities in violation of Labor Code Section 351.  Defendant's actions are

26  thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing

27  them injury in fact and loss of money.

28

122. Because of such conduct, Defendant has unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Plaintiff Class.

123. All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due to Plaintiff and members of the Plaintiff Class can be readily determined from Defendant's records. The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendant's unlawful and unfair conduct.

124. During the Class Period, Defendant committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq*., of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

125. Defendant's course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the *Business and Professions Code* in that it is fraudulent, improper and unfair.

126. The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendant's policies and practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

127. Defendant's conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

128. Defendant's course of conduct described herein further violates California *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

129. The unlawful, unfair, and fraudulent business practices and acts of Defendant as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

/ / /

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff Class;

2. An order that counsel for Plaintiff be appointed class counsel;

3. Certification of this class action on behalf of the proposed Plaintiff and Plaintiff Class;

4. Designation of Plaintiff as the class representative of the Plaintiff Class;

5. A declaration that Defendant's practices violate the California *Labor Code* and California *Business & Professions Code*;

6. Prejudgment and post judgment interest on all sums awarded;

7. For compensatory damages;

8. For penalties pursuant to California *Labor Code* §§ 200, 226;

9. For interest accrued to date;

10. For costs of suit and expenses incurred herein pursuant to California *Labor Code* §§ 226 and 1194;

11. For reasonable attorneys' fees pursuant to California *Labor Code* §§ 226, and 1194; and,

12. A declaratory judgment that Defendant have knowingly and intentionally violated the following provisions of law:

    a. California *Labor Code* § 226, by failing to provide the information required with each payment of wages;

    b. California *Business & Professions Code* §§ 17200-08 by violating the provisions set forth herein above;

    c. Disgorgement of profits,

    d. For an order awarding restitution of unpaid regular, overtime, and premium wages due to Plaintiff and class members; and,

1    13. For all such other and further relief that the Court may deem just and

2    proper.

3    DATED:  June 6, 2022                    **BRADLEY/GROMBACHER, LLP**

4

5

6                              By: */s/ Kiley L. Grombacher*

7                                  Marcus J. Bradley, Esq.
                                   Kiley Lynn Grombacher, Esq.

8                                  Lirit A. King, Esq.
                                   Attorneys for Plaintiff

9

10

11                           **JURY DEMAND**

12   Plaintiff demands a trial by jury on all issues so triable as a matter of right.

13

14   DATED:  June 6, 2022                    **BRADLEY/GROMBACHER, LLP**

15

16

17                              By: */s/ Kiley L. Grombacher*

18                                 Marcus J. Bradley, Esq.
                                   Kiley Lynn Grombacher, Esq.

19                                 Lirit A. King, Esq.
                                   Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT